[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Application for review of sentence imposed by the Superior Court, Judicial District of New Haven, Docket No. CR 6-358924.
Michael Moskowitz, Defense Counsel, for Petitioner.
Robert O'Brien and Assistant State's Attorneys, for the State.
Cecilia Wiederhold
 Sentence Affirmed.
 BY THE DIVISION:
The petitioner, then 40 years of age, was convicted following a trial by jury of the following crimes:
 Attempted Sexual Assault, 2st degree — 3 Counts Attempted Sexual Assault, 3rd degree — 1 Count Sexual Assault, 1st degree — 1 Count Sexual Assault, 3rd degree — 4 Counts Risk of Injury to a child — 3 Counts
He received a total effective sentence of 85 years.
There were four young female victims of these crimes. The defendant intermittently lived with a woman and her four daughters who were the victims. At the time of the crimes they were approximately 12, 9, and 5 years of age. The fourth victim was 16 months old.
The petitioner is the father of the two youngest children. Testimony at trial indicated that the defendant had been sexually abusing the four girls for some five years, feeling their CT Page 7023 genitals, attempting to digitally penetrate them and actually doing so, sometimes in the presence of one of the others. There was testimony that he broke down the locked bedroom doors to molest them. The mother gave the oldest child a stick-to sleep with at night for protection because she had been called for help by the girls. She (the mother) testified she found the petitioner in the girls room, naked and on occasion, masturbating in front of them. He had forcibly attempted to have both anal and vaginal intercourse with the oldest child. The nine year old testified that she saw the petitioner attempting to put his penis into the baby's mouth.
Following his conviction, the Court referred the petitioner for a § 17a-566 examination at Whiting Forensic Institute (WFI). WEI concluded he was a chronic paranoid schizophrenic who was a danger to himself and others. The clinical team recommended that Osborn be sentenced in accordance with his convictions and returned to WFI for initial custody, care and treatment.
He remained at WFI, with his condition slowly improving until August 1995 when WFI reported he had reached the maximum benefit from hospitalization and recommended he be returned to the Commissioner of Corrections to serve out his sentence. A hearing was held on August 22, 1995 which included testimony from a clinical psychologist at WFI, who had treated Osborn.
After taking evidence and hearing arguments of Counsel, the Court determined that the sentence originally imposed was appropriate for the crimes of which he was convicted and declined to modify the 85 year sentence.
Counsel asks the Division to order the petitioner be remanded back to WFI, or in the alternative, to modify the sentence to allow a strict probationary period following a shorter period of incarceration.
He argues that Osborn suffers from a mental illness which is not being adequately treated in prison. For example, he cites the WFI recommendation that Osborn be seen at least weekly by a psychiatrist or capable mental health professional and claims that recommendation is not being followed. He points out that, according to the WFI report, Osborn is not a pedophile and that his prognosis is good as long as he is treated with appropriate anti-psychotic medications and counseling. CT Page 7024
The State's Attorneys argue that the sentence is appropriate given the heinous nature of the crimes, the ages and number of the victims and the disastrous effect these prolonged periods of sexual assaults had on the victims.
The petitioner's criminal record includes a 1980 conviction for kidnaping (2 counts) and threatening.
This case involved going into a bank with a paper bag which he claimed held a bomb. He was sentenced then to a term of 3 to 6 years.
He has a 1985 conviction for public indecency (he exposed himself to a fourteen year old female — his girlfriends daughter — in her bedroom). He also has convictions for assault 3rd degree and larceny 6th degree in 1987; possession of marijuana in 1989, and disorderly conduct and public indecency also in 1989. (He exposed himself to a female washing her car at her home).
Also, when he learned he was being investigated for the present crimes, he fled the state and was caught in Des Moines, Iowa although, to his credit, he did waive extradition.
The pre-sentence report characterized Osborn as a high-risk sex offender with a history of sexual deviancy. While he made some progress while at WFI, Dr. Shumaker, in his testimony stated he needed close monitoring and he could not, of course, give assurance, he would continue with his anti-psychotic medications or that they would continue to be effective. Some patients become resistant to medications or feel they no longer need them. In other words he could only opine as to Osborn's condition at the time he was in the custody of WFI.
The authority of the Review Division is proscribed by the limitations of § 43-28 of the Practice Book.
This petitioner was convicted of particularly heinous crimes against four innocent children. He abused, degraded, humiliated, and caused them both physical and emotional suffering.
Especially outrageous is the fact that he was their caretaker and should have been someone they could trust and rely upon.
He has a record of sexual deviancy and the sentencing court could legitimately be concerned about the threat the petitioner CT Page 7025 presented if not confined.
Reviewing this sentence pursuant to the provisions of P.B. § 43-28, we find it is neither inappropriate nor disproportionate. It is affirmed.
Klaczak, O'Keefe, and Ianotti, J.s, participated in this decision.